TATE, Judge.
This is a tort suit. The plaintiff Coco’s Ford collided with the defendant Price’s school bus as the latter was in the process ■of making a right turn. Coco sues Price •and his liability insurer to recover dam•-ages.
The trial court dismissed plaintiff’s suit, holding that Price was not negligent and that, at any rate, Coco’s own negligence barred his recovery. Essentially-factual issues are raised by Coco’s appeal from the drial court judgment.
Basically, Coco contends that, from the ■plaintiff’s left, Price negligently entered onto and crossed a main highway upon which •.the plaintiff was approaching southbound, :and that the accident was caused by the defendant Price’s improper entry, his failing .to yield the right of way, and the improper manner in which he attempted a right turn, .as well as by his failure to give proper warning by his signal lights of his right-turn intention.
However, we think that the trial court properly construed the preponderance of the evidence as supporting the defendant Price’s version of the accident,, namely: that Price had, after unloading some ■students on his left (east) side of the highway, recrossed it and proceeded southwards a distance in his own lane before turning right (west) onto a side-street, being struck just off the concrete portion of the main highway by the plaintiff Coco, when Price’s school bus had almost completed his right turn; and that the school bus was well lighted by taillights, clearance lights, and blinking turn-signal lights, which should reasonably have been visible to the plaintiff Coco as he approached from the rear of the school bus.
As the trial court stated in his reasons for judgment: “This distance travelled [from its previous stop] by the bus, in low speed, certainly took some time. All these lights were operating on the bus as it thus travelled on the highway, southward, before plaintiff. This vehicle’s numerous lights, its size and color, the street light nearby, make it impossible for the Court to understand why he, plaintiff, did not see the bus until ten feet away from it. The Court must conclude that he was not looking — he was inattentive or had perhaps dozed off momentarily into sleep * * * [Further,] The Court believes he [the plaintiff] was going faster than [the speed limit of 35 mph] because it took a terrific impact to turn over this huge, heavy bus upon its side.” We find no error in the trial court’s conclusion that, under these facts correctly analyzed and summarized by it, a proximate cause of the accident was the plaintiff Coco’s lack of lookout and excessive speed during his approach towards the well-lighted and slowly moving school bus ahead in his own lane, which he struck after the school bus had almost completed its right turn into a side-street.
Accordingly, we affirm the court’s dismissal of the plaintiff’s suit. The costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.